Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFF DOWDLE and BRANDY DOWDLE, | § § § | Civil Action No. 4-10CV-939-Y |
| Plaintiffs, | § § | |
| vs. | § § § | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| UNITED COLLECTION BUREAU, INC. D/B/A UCB, INC, | § § § | |
| Defendant. | § § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiffs, Jeff Dowdle and Brandy Dowdle, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, United Collection Bureau, Inc d/b/a UCB, Inc. ("UCB") attempted to collect a consumer debt allegedly owed by Plaintiff, Brandy Dowdle, arising from a purported obligation to Citibank. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The alleged debt is not a business debt, and would have been incurred ordinary living expenses.

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

5. Plaintiffs are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. UCB is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of UCB's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. UCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). UCB is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7. On or about July 23, 2010 UCB began attempts to collect the Debt described above. At approximately 1:10p.m., "Mrs. Charles," called the telephone number belonging to Jeff Dowdle's parents, and left a message "intended for Brandy and Jeff Dowdle" on the answering machine. The caller identified herself as "Mrs. Charles," and left a call back number of 1-800-935-1798, extension 63668. The message excluded the possibility of it being a sales call, and went on to say that "this is serious and requires your immediate attention."

8. On or about July 23, 2010 at 1:24p.m., "Mrs. Charles," called the telephone number belonging to Jeff Dowdle's sister, to whom she spoke. "Mrs. Charles" identified herself to Mr. Dowdle's sister, provided the return call number as 1-800-935-1798 extension 63668, and stated that she would be there until 5p.m. When asked what about the nature of the call, "Mrs. Charles" stated that she was with "Citibank collections."

9. On or about July 23, 2010, "Mrs. Charles," called the telephone number belonging to Jeff Dowdle's sister-in-law, to whom she spoke. "Mrs. Charles" asked for Brandy Dowdle and was told she had the wrong number. "Mrs. Charles" then asked for Jeff Dowdle and was again told she had the wrong number. "Mrs. Charles" then asked for Mark Dowdle, and was told he was not there. "Mrs. Charles" then asked that Mark Dowdle give Jeff Dowdle a message to return the call, and provided her telephone number and extension. "Mrs. Charles" stated that she was either with Citigroup, or calling on behalf of Citigroup.

10. On or about July 23, 2010 a message from UCB was left on the cellular telephone of Plaintiff, Jeff Dowdle. The caller did not disclose the name or the purpose of the call.

11. Also on or about July 23, 2010, Plaintiff, Jeff Dowdle, called UCB regarding the calls made to his relatives, and spoke to "Mrs. Charles" and "Mr. Chris Woods." Among other representations, "Mr. Woods" stated that it was permissible to contact other parties (such as Plaintiffs' relatives) within the first twenty-four hours of when UCB received an account for collection.

12. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

13. The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

14. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

### First Claim for Relief

15. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

    a.    In violation of 15 U.S.C. 1692c(b), the Defendant communicated with a third party (a person other than the Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the creditor's attorney, or the Defendant's attorney) without the Plaintiffs' prior consent in connection with the collection of a consumer debt.

  b. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included calling other family members for purposes other than obtaining location information of the Plaintiffs.

  c. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, including stating that communication with third parties is permissible within the first twenty-four hours of an account coming to UCB for collection.

  d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included calling other family members for purposes other than obtaining location information of the Plaintiffs, perhaps even to cause Plaintiffs to be embarrassed enough so as to coerce payment from them.

16. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

17. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

  a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant took an action prohibited by law.

  b. In violation of Tex. Fin. Code Ann. § 392.302(1), Defendant attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

  c. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

  d. In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

18.  Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiffs for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

19.  The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

    a.  Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

20.  Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiffs for injunctive relief and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiffs pray that this Court:

1.  Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2.  Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3.  Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.  Grant such further relief as deemed just.

Respectfully submitted,

*[signature]*
Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

*[signature]*
Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeff Dowdle and Brandy Dowdle

## DEFENDANTS
United Collection Bureau, Inc. d/b/a UCB, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC; 714 W. Magnolia Avenue; Fort Worth, TX 76104; 817-348-8325

Attorneys (If Known)



ORIGINAL RECEIVED DEC 13 2010

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 UCS 1692 et seq**
Brief description of cause:
**Unlawful debt collection**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 12/13/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # FW13053  AMOUNT 350  APPLYING IFP ___  JUDGE Y  MAG. JUDGE ___